[Civ. No. 28487. First Dist., Div. Three. May 19, 1971.]

LEON LAUCIRICA, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
DOW CHEMICAL COMPANY et al., Respondents.

[Civ. No. 28585. First Dist., Div. Three. May 19, 1971.]

PATRICK E. BRUCE, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
FRANK FULLOM, INC., et al., Respondents.

[Civ. No. 28674. First Dist., Div. Three. May 19, 1971.]

ALBERT C. JONES, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
E. H. HEATH et al., Respondents.

[Civ. No. 28838. First Dist., Div. Three. May 19, 1971.]

ROBERT W. CRANE, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
FIBREBOARD CORPORATION, Respondents.

(Consolidated Cases.)

## Counsel

Marcus, Ury, Sherbourne, Kilbourne & Hill, Marcus & Ury, Maurice S. Marcus and Frank Ury for Petitioners.

Rupert A. Pedrin, Marcel L. Gunther, Richard E. Ryan, T. Groezinger, Loton Wells and W. R. Lowndes for Respondents.

## Opinion

**DRAPER, P. J.**—May the 10 percent "penalty" for unreasonable delay in payment of workmen's compensation (Lab. Code, § 5814) be imposed for delay in payment of interest upon the award? That is the issue presented in these four cases. We issued writs of review, and have consolidated the four cases for disposition.

In each case, an award of compensation was made and each applicant made demand upon the compensation carrier for payment of interest upon the award. Payment of the principal of the award was seasonably made in each case, but in each the payment of interest was delayed. The board did not decide, in any of the cases, whether this delay in payment of interest was unreasonable. Rather, it denied the 10 percent addition in each case upon the supposed ground that interest can in no case be subject of such an addition.

██ The code (Lab. Code, § 5814) requires that "[w]hen payment of compensation has been unreasonably delayed or refused, . . . the full amount of the . . . award shall be increased by 10 percent." Compensation is defined by the same code to include "every benefit or payment conferred by Division 4 upon an injured employee" (Lab. Code, § 3207). Division 4 of the Labor Code includes the section (5800) which provides that "[a]ll awards of the appeals board . . . shall carry interest at the same rate as judgments in civil actions." Thus the statute, on its face, requires allowance of the added 10 percent for unreasonable delay in payment of interest, as well as any other benefits provided by division 4 of the code.

In March, our Supreme Court emphasized that "[A]lthough denominated a 'penalty' the section [5814] is to be interpreted liberally, in accordance with the general purpose of the workmen's compensation laws." (*Kerley v. Workmen's Comp. App. Bd.*, 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200]). That purpose is to extend the benefits of such laws "for the

protection of persons injured in the course of their employment" (*id.*, fn. 4; Lab. Code, § 3202), thus mandating allowance of the additional award clearly required by the code sections above cited.

We find no merit in respondents' reliance upon the Civil Code definition of interest as "compensation . . . for the use . . . or detention of money" (Civ. Code, § 1915). That definition, stemming from the 1872 statutes, in no way proscribes the 1945 Labor Code amendments which provide an incentive for prompt payment of injury awards by denominating interest as a part of "compensation" for workmen's injuries. Even less persuasive is the suggestion that the separate constitutional bases for workmen's compensation (art. XX, § 21) and for interest upon judgments (art. XX, § 22) in some inarticulated way bar application of section 5814 to unreasonably delayed payment of interest upon an award of compensation. Neither constitutional provision even remotely suggests such a restriction.

Respondents cite a determination by the board itself (*Jordan* v. *W.C.A.B.*, 32 Cal.Comp.Cases 308). But that 1967 case has achieved neither the age nor the frequency of application required to give it authority as established administrative construction. Nor is it strengthened by denial of petition for writ of review without opinion by the Court of Appeal and of hearing by the Supreme Court. It has repeatedly been pointed out that summary denial of a petition for an extraordinary writ is not a determination of the merits (see cases cited at 3 Witkin, Cal. Procedure (1954), p. 2550). In *Jordan,* the board relied upon several grounds for denial of relief, only one of which was the inapplicability of section 5814 to interest. If another ground than this one were sound, denial of the writ by the court was called for. Thus, even if the Court of Appeal acted upon the merits, there is no basis for a conclusion that it denied upon the one ground now urged, and *Jordan* is not judicial authority for the same reasons that it is not res judicata.

We recognize, of course, that a broad requirement of additional award upon every delay in payment of interest could work mischief and inequity. There may be an entirely reasonable excuse for delay. Normal or unavoidable delays in delivery of payment could allow time for accrual of minor sums of interest which would be but de minimis. Such problems, however, may be met by the board in determining reasonableness of the delay. Addition of a penalty is expressly limited by section 5814 to payments which are "unreasonably" delayed. The section expressly vests determination of this largely factual issue in the board.

As noted above, the board failed to determine reasonableness of the delay in any of the cases, and each will be remanded for its determination

of this issue, in light, however, of our holding that the section 5814 award must be made if the delay in payment of interest is, on the facts in any case, unreasonable.

Each award is annulled, and each case is remanded for further determination under the views here expressed.

Brown (H. C.), J., and Caldecott, J., concurred.