[Civ. No. 35223. First Dist., Div. Four. Jan. 7, 1975.]

MANTYE TUCKER, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
JOHN MUIR HOSPITAL et al., Respondents.

COUNSEL

Maurice S. Marcus and Bertram Cohen for Petitioner.

Hanna, Brophy, MacLean, McAleer & Jensen and Michael H. Young for Respondents.

OPINION

CHRISTIAN, J.—Petitioner received compensation of $7,250 for an industrial injury pursuant to an award which had been issued on September 14, 1973. Respondent Argonaut neglected to include in its remittance the sum of $14.02 which had accrued as interest from the date of the award to the date of payment. On October 19, 1973, petitioner demanded payment of the $14.02; on November 28, 1973, Argonaut paid the interest. Petitioner then sought from the board a further award of 10 percent as a penalty under Labor Code section 5814 for unreasonable delay in paying interest on the award. Respondent board has refused to assess a 10 percent penalty for late payment of the $14.02 interest. (There is no claim that payment of the $7,250 principal benefit had been unreasonably delayed.)

Labor Code section 5800 provides that an award bears interest at the rate applicable to civil judgments "from the date of making and filing of an award." Such interest is part of the applicant's benefit, and unreasonable delay in payment results in imposition of a 10 percent penalty under Labor Code section 5814. (*Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681 [95 Cal.Rptr. 219].)

It appears that although computation and payment of interest is merely an arithmetical operation, and is required in every case by Labor Code section 5800, some compensation carriers are neglecting to pay interest until a separate demand therefor is made by the claimant. In *Laucirica, supra,* the Court of Appeal issued a writ of review directing the board to determine whether, in a group of four cases, payment of interest had been unreasonably delayed. Yet in the present case the board declined to determine whether the delay was unreasonable, taking the view that the amount in dispute was de minimis.

■ Although the amount of interest due in any single case may be small, the failure of the respondent carrier to take administrative measures to compute and pay interest on every award is not to be disregarded as de minimis. If it could be so disregarded, carriers could with advantage refrain in every case from paying interest unless a special demand was made, thus frustrating the intent of Labor Code section 5800. Interest should always be computed and paid with the payment of the principal award absent special circumstances. Despite the *Laucirica* holding, no excuse for delay was offered in the present case.

The opinion and order denying imposition of penalty is annulled with directions to determine whether the failure of the carrier to pay interest with the award was unreasonable.

Caldecott, P. J., and Rattigan, J., concurred.