[Civ. No. 5827. Fifth Dist. Mar. 16, 1981.]

LORRAINE N. ANDERSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, LUCIA MAR
SCHOOL DISTRICT et al., Respondents.

COUNSEL

Ghitterman, Schweitzer & Associates and Charles T. Wheeler for Petitioner.

James J. Vonk, Richard A. Krimen, Arthur Hershenson, James A. Sibley, Michael J. Brodie and Fernando Da Silva for Respondents.

OPINION

**ZENOVICH, Acting P. J.**—Petitioner Lorraine N. Anderson (Anderson) contends that respondent Workers' Compensation Appeals Board (Board) erred in the method it calculated a 10 percent penalty against respondent State Compensation Insurance Fund (Fund) pursuant to Labor Code section 5814 for Fund's unreasonable delay in paying prior penalties assessed on a previous permanent disability award and on an award of medical treatment costs. We hold it was erroneous for the Board to levy penalties only against the amounts by which the original awards had been increased, rather than against the principal amounts of the underlying awards, since we do not believe that a penalty is a separate class of benefits.

Anderson was employed as a school payroll account clerk by the Lucia Mar School District for the period covering August 1968 through July 12, 1976. Sometime during this period, Anderson sustained an injury "arising out of and occurring in the course of said employment to her nerves and psyche." On March 23, 1977, Anderson was awarded the following pertinent benefits: (1) future medical treatment and (2) permanent disability of $11,392.50 payable at the rate of $70 per week. The parties subsequently stipulated that there was a 30-day delay in the payment of the March 23 award. Accordingly, on October 31, 1977, a 10 percent penalty was assessed against the findings and award of March 23. On a check dated September 19, 1978, Fund paid $154 to Anderson for the two-week period covering July 30 through August 12, 1978.[1]

An additional 10 percent penalty was assessed against the March 23 award for nonpayment of a prescription bill dated August 22, 1978. Respondents' petition for reconsideration was granted pending determination of the *Gallamore*[2] case by our state Supreme Court. On June 18, 1979, the Board issued an opinion after reconsideration, finding that the 10 percent penalty should be levied only against the medical treatment benefits awarded on March 23, 1977.

At a December 18, 1979, hearing before Workers' Compensation Judge Fisher, Anderson requested further penalty assessments on the ground that Fund had not paid the respective penalties imposed under the October 31, 1977, award and the June 18, 1979, opinion after reconsideration. Fund was given 10 days within which to file rebuttal documents. Fund submitted a letter dated January 3, 1980, in rebuttal. The letter stated in pertinent part: "...please be advised that State Compensation Insurance Fund has paid a total of $11392.50 permanent disability benefits at the rate of $70.00 per week for the period September 26, 1976 through July 7, 1979, ... In addition, the total of $1972.68 has been paid in medical treatment expenses." Anderson responded in a letter of January 14, 1980, by stating: "As you will note, a total of $11,392.50 less attorneys' fees is the amount payable on the basis of the March 23, 1977 Findings and Award. There has not been

---

[1] This figure apparently represented the $70 permanent disability award and the $7 penalty of the October 31, 1977, award.

[2] *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242].

compliance with the Award of October 31, 1977 which granted a 10% penalty on all benefits subject to the previous Award. Nor does the evidence submitted by State Fund indicate that a penalty awarded on medical benefits on July 18, 1979 has been honored.

"Applicant hereby reiterates her request for an additional 10% penalty on all benefits payable under the March 23, 1977 Award and for an additional penalty under Labor Code Section 5814 on all medical benefits." On March 24, 1980, Judge Fisher issued supplemental findings and award. The judge initially found that respondents had unreasonably delayed payment of the penalties assessed in the October 31, 1977, award and the June 18, 1979, opinion. He then granted the following award in favor of Anderson and against Fund: "*10% of penalties previously assessed* in the Findings and Award served October 31, 1977 and the Opinion & Decision After Reconsideration, dated June 18, 1979." In granting the award, the judge reasoned: "The penalty assessed in this decision applies only against the previously imposed penalties. The Board has held that a 10% penalty is a separate class of benefit. I disagree with that concept but feel bound by the Board's precedence [sic].

"See, for example, *Meadows* vs. *City of Los Angeles*, 77 VN 68348, 7 CWCR 179."

On April 10, 1980, Anderson served a petition for reconsideration upon the Board. Anderson contended that the penalties awarded should have been assessed against the benefits originally awarded (including the prior penalties levied thereon), rather than against the previous unpaid penalty assessments. Judge Fisher grudgingly recommended that the petition be denied in a written report dated April 28, 1980.[3] On June 10, 1980, the Board denied reconsideration on the ground that a penalty assessment was a separate type of benefit which could be independently penalized on subsequent occasions.

---

[3]In part, Judge Fisher reasoned: "Despite the *Meadows* case, I tend to agree with the applicant that the 10% penalty should be assessed against the entire previous benefits awarded, otherwise the delay in paying penalties will result in diminishing penalties until it reaches an infinitesimal amount. Despite this ludicrous result, the post-Gallamore cases such as *Bauer* vs. *WCAB*, 43 CCC 883 and *County of Los Angeles* vs. *WCAB* (Crowe) (March 27, 1980), support the rationale of the Meadows case. In the Bauer and Crowe cases the Court emphatically stated that the 10% penalty only applies to those benefits actually delayed. In this case, since only the penalties were delayed, the new penalty applies only to those benefits."

The issue before us is whether the Board erred in assessing further penalties against the amounts by which the original awards were increased pursuant to Labor Code section 5814,[4] rather than levying the subsequent penalties against the principal amounts of the original permanent disability and medical treatment awards (which included any penalties assessed on earlier occasions).

Fund does not dispute that it unreasonably delayed payment of the *prior penalties* assessed in the October 31, 1977, award and the June 18, 1979, opinion after reconsideration. In fact, a "Memo to Claims" contained in the present record verifies that there was no payment on the penalty assessments.

Section 5814 provides, "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent." In *Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d 815, 827, our state Supreme Court held that the section 5814 penalty "is to be computed by assessing 10 percent of the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld." The court further explained that "... where there are *severable classes of benefits* included in a single decision or award it is more fair and reasonable to assess penalties only upon *the type of benefits, the payment of any part of which has been delayed,* rather than to impose them as well upon benefits which have been promptly and entirely paid." (*Gallamore, supra,* at p. 826, italics added.)

Fund contends that the Board properly limited the subsequent penalty assessments to the prior section 5814 penalty increases, since such increases are severable and distinct benefits. Contradistinguished, Anderson submits that a penalty is not a separate class of benefits; instead, she contends "It is, in effect, an additional award of permanent disability." Anderson notes that the Board has taken inconsistent stances on this issue and urges us to reject the severability argument. Before resolving this issue, we examine the Board's treatment of penalty assessments on prior unpaid penalties.

In *Meadows* v. *City of Los Angeles* (Sept. 12, 1979) 77 VN 68348 [reported in 7 Cal. Workers' Comp. Rptr. 179], the workers' compensa-

---

[4]Unless otherwise indicated, all code references are to the Labor Code.

tion judge awarded a second penalty against the whole award for failure to pay a section 5814 penalty previously awarded. The Board disagreed with the judge's award, determining that the penalty for failure to pay the prior penalty calls for assessment of 10 percent on the prior penalty. The Board deemed the initial penalty to be a separate benefit serving the separate purpose of deterring delays in payment.

The *Meadows* approach was also utilized by the Board in an earlier case. In *Fisher* v. *Workers' Comp. Appeals Bd.* (reported in 1980, 45 Cal.Comp.Cases 243-244), a workers' compensation judge imposed a 10 percent penalty against a temporary disability award. A further hearing was held on defendants' failure to pay this initial penalty. It was clear that the temporary disability indemnity had been paid by the time of the hearing; only the penalty had not been paid. The judge assessed an additional 10 percent penalty against all 240 weeks of temporary disability previously awarded because of defendants' failure to pay the initial penalty. The Board issued an opinion finding that the subsequent penalty can only be assessed against the class of benefits unreasonably delayed—i.e., the penalty previously awarded. Petitioner's writ of review was summarily denied by the Second District on March 25, 1980.[5]

Recently, however, the Board departed from the *Meadows-Fisher* approach in the decision of *McGee* v. *City of Los Angeles* (Apr. 1, 1980) 74 ING 28555, 75 ING 30668 [reported in 8 Cal. Workers' Comp. Rptr. 107]. Temporary disability for the applicant had originally been set at $105 per week; a first penalty was awarded for delay in paying the sum, thereby raising the overall indemnity to $115.50 per week. The defendant then delayed payment on the $10.50 penalty. The Board in *McGee* determined the penalty for the second delay should be 10 percent of $115.50 per week, rather than merely 10 percent of the $10.50 penalty award which was not paid by defendant. Moreover, the Board also revised the administrative judge's calculation of the penalty for delay in paying an initial permanent disability penalty. Based on its determination that a penalty is an increase in compensation awarded, the Board found the initial 10 percent increase in permanent disability benefits was not a separate species of compensation under *Gallamore.* Accordingly, it was decided the second penalty should have been assessed against *the entire permanent disability award as initially increased.*

---

[5]The petition for hearing by the Supreme Court was denied on May 14, 1980.

■ Upon careful reflection, we adopt the conceptual approach out-lined in the Board's *McGee* decision. Contrary to Fund's assertion, we believe a section 5814 penalty is properly characterized as part and parcel of the original compensation award. It is an increase in compensation awarded, rather than a separate type of benefit. Accordingly, any subsequent penalties would be assessed against the principal amount of the original award as increased by any prior penalty assessments. Thus, we find the Board erred in treating penalties as separate and distinct benefits.

Nothing in *Gallamore* or the recent case of *Burton v. Workers' Comp. Appeals Bd.* (1980) 112 Cal.App.3d 85 [169 Cal.Rptr. 72] compels a different result. In *Burton*, the court held that an award of increased workers' compensation benefits under section 132a is itself a separate class of benefits and that any section 5814 penalty should be computed by assessing 10 percent of the entire section 132a increase rather than just the portion of the 132a increase not paid. *Burton* partially based its determination upon the fact that section 4553 specifies an increase in "compensation otherwise recoverable" rather than particular classes of benefits. (*Burton v. Workers' Comp. Appeals Bd.*, supra, 112 Cal.App.3d at p. 91.) Since such statutory language is not found in section 5814, the analysis in *Burton* appears to be specifically limited to section 132a increases.[6] However, to the extent that *Burton* leads to the conclusion that the section 5814 penalty is a separate class, we disagree.

Furthermore, the record shows that Fund, by its conduct, recognized the correctness of the legal characterization embraced herein. The September 19, 1978, check indicated payment of $154 to Anderson; this sum reflected the $70 permanent disability benefit and the $7 initial penalty assessment. Since two $77 payments were aggregated and paid out in one lump sum, this disbursement of record further supports the viewpoint that a section 5814 penalty is part of the benefit it increases.

In conclusion, we believe it is important to note the difference between penalties for delayed payment of a *prior penalty* and successive delays in paying the *basic benefit*. In the latter case, each penalty is

---

[6]This is supported by the following footnote contained in the *Burton* opinion: "We caution that except with respect to the narrow question presented herein we do not review the board's calculation of the section 132a increase in benefits or of the section 5814 penalty." (*Burton, supra*, 112 Cal.App.3d at p. 90, fn. 6.)

computed as 10 percent of the underlying benefit, rather than 10 percent of the increased sum. (See *Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18-19 [50 Cal.Rptr. 76].) Since the petition here involves the former situation, there is no impropriety in adding any prior penalties to the original benefit award for purposes of determining the base for any subsequent penalty assessments.

The Board erred in applying the 10 percent assessment to the prior penalty increases, rather than to the principal amount of the original award (i.e., underlying benefit plus any prior penalty increases). Accordingly, the proper penalty should be calculated by the appeals board on remand.

The Board's decision is annulled. The cause is remanded to the Board for such further proceedings as are consistent with the views expressed in this opinion.

Stone (W. A.), J.,* and Hammerberg, J.,* concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied June 3, 1981.

---

*Assigned by the Chairperson of the Judicial Council.