[Civ. No. 67364. Second Dist., Div. One. Oct. 7, 1983.]

LARRY VIEGAS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
WILLIAMS BROTHERS MARKET et al., Respondents.

COUNSEL

William A. Herreras for Petitioner.

Allen, Rhodes & Sobelsohn and Lawrence F. Nelson, Jr., for Respondents.

OPINION

**DALSIMER, J.**—Petitioner, Larry Viegas, seeks review of the order of respondent Workers' Compensation Appeals Board (hereinafter Board) denying reconsideration. Specifically, petitioner challenges Board's order refusing to impose multiple penalties for successive delays in payment of temporary disability benefits and in reimbursement for self-procured medical treatment.

On June 10, 1977, petitioner was injured in an industrial accident while employed by respondent Williams Brothers Market as a meat cutter. Thereafter, during 1977, 1978, and early 1979, petitioner incurred expenses resulting from self-procured medical treatment.

In September 1978, petitioner's attorney requested that respondent Fremont Indemnity Company, the employer's insurance carrier (hereinafter Fremont), pay to petitioner disability benefits which had been delayed in August 1978 and early September 1978. Fremont was also requested to reimburse petitioner for medical treatment. On September 14, 1978, Fremont filed an answer denying liability for benefits.

On September 26, 1978, petitioner requested a hearing before the Board on issues relating to temporary and permanent disability and reimbursement for medical treatment. On December 13, 1978, petitioner sought a hearing on the additional issue of penalty.

On June 18, 1979, petitioner was awarded rehabilitation benefits, temporary disability benefits on a continuing basis, less credit for temporary and permanent disability payments previously made by Fremont, and reimbursement for mileage expenses and prescription bills.

On July 25, 1979, and on October 8, 1981, petitioner notified Fremont of his intent to seek multiple penalties. Petitioner thereafter sought a hearing, claiming that Fremont had delayed or refused temporary disability benefits and failed to provide reimbursement for self-procured medical treatment.

At the hearing held on February 8, 1982, the parties stipulated as follows: "1. The parties agree that applicant has recurrent temporary disability beginning back to [sic] January commencing [sic] February 1, 1981 and to date and continuing, with credit for all sums paid. [¶] 2. Applicant's temporary disability should be paid at the rate of $175.00 per week. [¶] 3. Defendants agree to pay the accrued obligations for the coronary and also the ulcer care and provide further benefits as medically indicated. [¶] 4. Defendants further agree to pay outstanding physical therapy treatments with Dr. Farrell and to reimburse applicant's mileage." The parties further stipulated "to defer consideration of the penalty issue this date and consider it at some further date to expedite the issue of accrued bills." The workers' compensation judge then ordered Fremont to pay "recurrent temporary disability . . . at $175.00 per week; together with accrued obligations for . . . medical benefits . . . together with outstanding [obligations for] physical therapy treatments . . . and reimbursement for mileage."

Despite the above stipulation and order, Fremont delayed temporary disability payments and did not furnish payment for the accrued medical obligations as required by the stipulation. On May 6, 1982, the parties proceeded to trial. Petitioner sought multiple penalties relative to temporary disability indemnity on the basis that Fremont had failed to make temporary disability payments regularly and at the adjusted rate of $175 both before and after the stipulation. Petitioner also requested two additional penalties be assessed against medical expenses, which included hospitalization and physical therapy costs, based upon delay in payment both before and after the stipulation. Petitioner introduced detailed accounts and ledgers substantiating his claims.

On June 21, 1982, the workers' compensation judge issued a supplemental award, assessing four separate 10 percent penalties based upon Fremont's delay in (1) regular payment for temporary disability prior to the stipulation of February 8, 1982; (2) payment of temporary disability at the proper rate after the stipulation; (3) reimbursement of hospital costs for coronary and ulcer care owed in January 1982; and (4) reimbursement of physical therapy costs incurred before and after the stipulation.

Fremont sought reconsideration from the Board, claiming that the supplemental award was in error because at most one penalty assessment was appropriate and because medical treatment was not actually delayed.

On September 13, 1982, the Board granted reconsideration, reversed the judge's decision, and ordered that one penalty be imposed against the entire amount of temporary disability and that a single penalty be assessed against medical treatment, thereby refusing to impose multiple penalties for the

delays occurring both before and after the stipulation. Subsequently, petitioner's petition to the Board for reconsideration was denied.

■ Petitioner contends that the Board erroneously refused to apply successive 10 percent penalties for delay of benefits preceding and following the court stipulation and that the Board's reduction of the number of penalties directly contravenes Labor Code section 5814 and the Supreme Court's decision in *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242]. We concur.

Labor Code section 5814 provides for the assessment of a 10 percent penalty when payment of benefits has been unreasonably delayed or refused. The amount of the statutory penalty does not vary depending on whether the delinquency occurred before or after the award; the provision expressly mandates imposition of a penalty when delinquencies occur "either prior to or subsequent to the issuance of an award . . . ." The leading case interpreting section 5814 is *Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d 815. In *Gallamore* the court clarified the rules regarding the imposition of penalties under section 5814 and expressly stated that "both preaward and postaward delinquencies are equally subject to the 10 percent penalty." (*Id.,* at p. 827.) With respect to multiple or successive penalties, *Gallamore* held that where "*the circumstances disclose separate and distinct acts of delay or nonpayment,* and prior notice was given of the applicant's intent to seek separate or additional penalties for such acts, then multiple penalties are appropriate in a single penalty proceeding." (*Id.,* at p. 824, italics added.)

■ Moreover, it is now well settled that "section 5814 is to be interpreted liberally, in accordance with the general purpose of the workers' compensation laws of affording benefits for the protection of injured employees. [Citations.]" (*Dorman* v. *Workers' Comp. Appeals Bd.* (1978) 78 Cal.App.3d 1009, 1021 [144 Cal.Rptr. 573].) ■ "The penalty for unreasonable delay in the payment of compensation is designed to help an employee obtain promptly the cure or relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion." (*Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].)

Applying the foregoing rules and the mandate of liberal construction to the present case, we conclude that petitioner should have been awarded two 10 percent penalties upon the total amount of temporary disability based upon delinquencies both prior to and subsequent to the court stipulation because those delinquencies represent "separate and distinct acts of misconduct." (*Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d 815,

827.) Further, two penalties should have been assessed against the cost of petitioner's medical treatment. Fremont's failure to promptly and fully reimburse petitioner for (1) hospitalization costs prior to the date of the stipulation and (2) physical therapy expenses before and after the date of the stipulation also constitute two separate and distinct acts of misconduct. Significantly, the record clearly establishes that ample notice was given of petitioner's intention to seek penalties based upon the aforementioned delinquencies. (*Id.,* at p. 824.)

Fremont takes the position that multiple penalties within a single class such as temporary disability or medical treatment are inappropriate. Fremont's position was accepted by the Board, which appeared to rely upon language in *Gallamore* that "the penalty is to be computed by assessing 10 percent of the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld." (*Id.,* at p. 827.) This construction misperceives the court's holding. The *Gallamore* court's statement alluded to by the Board is nothing more than a summary of the court's holding that a penalty may only be imposed in relation to the specific class of benefit as to which payment was refused or delayed. (See *id.,* at p. 824.) As previously mentioned, the *Gallamore* court held that where there are "separate and distinct acts of delay or nonpayment" (*ibid.*), multiple penalties are appropriate. As stated above, the delinquencies before and after the stipulation represent distinct and separate acts of misconduct and are thus equally subject to the 10 percent penalty.

Fremont concedes that it unreasonably delayed payment of the physical therapy bills, but urges that there is no evidence that hospital bills relating to petitioner's ulcer and coronary care remain unpaid. This contention is untimely in view of the fact that Fremont stipulated on February 8, 1982, that "[d]efendants agree to pay the accrued obligations for the coronary and also the ulcer care and provide further benefits as medically indicated." ■ Furthermore, the only sufficient excuse for delay in payment of benefits whether before or after an award is "genuine doubt from a medical or legal standpoint as to liability for benefits, and . . . the burden is on the employer or [its] carrier to present substantial evidence on which a finding of such doubt may be based." (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 230 [93 Cal.Rptr. 192, 481 P.2d 200].) In the present matter, Fremont did not present "substantial evidence" to support such a finding. (See *Cervantes* v. *Great American Ins. Co.* (1983) 140 Cal.App.3d 763, 771-772 [189 Cal.Rptr. 761].)

That portion of the opinion and order denying reconsideration which limits penalties previously awarded by the workers' compensation judge to a single increase for each specie of benefit delayed is annulled. The matter is

remanded to the Board for further proceedings consistent with the views expressed herein.

Spencer, P. J., and Lillie, J., concurred.