[No. A027113. First Dist., Div. One. Aug. 30, 1985.]

MALCOLM GELLIE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DEL MONTE CORPORATION et al., Respondents.

COUNSEL

Barry J. Williams and Airola, Williams & Dietrich for Petitioner.

David J. Froba as Amicus Curiae on behalf of Petitioner.

Roger A. Levy and Sedgwick, Detert, Moran & Arnold for Respondent.

OPINION

**RACANELLI, P. J.**—The question presented on review is whether the 10 percent penalty imposed pursuant to Labor Code section 5814[1] for unreasonable delay in paying interest on a permanent disability award should be calculated on the basis of the unpaid disability benefit rather than the interest accrual alone. We will conclude that the penalty must be computed on the basis of the unpaid compensation benefit enhanced by the interest due.

On October 28, 1973, petitioner Malcolm Gellie sustained serious injuries while employed as a set-up cook by Granny Goose Foods, Inc., a division of respondent Del Monte Corporation, when the safety valve of a pressure cooker exploded, spewing its scalding contents over petitioner who was thrown to the floor unconscious.

After several weeks of treatment at a hospital burn center, petitioner returned to his job where he began experiencing increasingly serious orthopedic problems resulting in his being placed on temporary disability in May of 1974. Following surgery to his low back and right elbow, petitioner

---

[1]Labor Code section 5814 provides in pertinent part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts."

Hereafter, unless otherwise indicated, all section references are to the Labor Code.

was able to return to light duty status in August 1975. During the next few years petitioner continued his regular employment duties while undergoing psychiatric treatment for depression neurosis, a condition frequently associated with the trauma involved.

On October 29, 1982, the workers' compensation judge rendered a decision finding a 69 percent permanent disability injury and awarding petitioner permanent disability indemnity in the amount of $26,180 plus an additional $2,618 increased compensation under the authority of section 5814 for Del Monte's unreasonable delay in paying advances against the predictably certain permanent disability award.[2]

On March 18, 1983, petitioner filed a petition for penalties alleging several claims of unreasonable delay in the payment of indemnity and penalty benefits together with accrued interest.

On January 31, 1984, a supplemental decision was entered determining that Del Monte had unreasonably delayed payment of such benefits, including interest, and awarding petitioner increased compensation in the amount of $5,759.60 (two penalties each in the amount of $2,879.80)[3] plus 10 percent of "interest paid" (stipulated to be $431.15 as of July 15, 1983).

On March 21, 1984, the board filed its order denying the respective petitions for reconsideration filed by the parties.

On January 4, 1985, we summarily denied petitioner's request for review of his claim that the 10 percent statutory penalty should be calculated on the basis of the full compensation award including interest rather than on interest alone.

On February 19, 1985, the California Supreme Court entered an order in bank granting petitioner's renewed application and retransferred the matter to this court with directions to issue a writ of review.

---

[2]Del Monte's petition for review of the order denying reconsideration (concerning penalty and a disability rating differential of ¾ of 1 percent) was summarily denied by this court (Division Two) and remanded to the board for an award of reasonable attorney fees pursuant to section 5801. (A021516.)

[3]The additional penalties, each computed on the basis of 10 percent of the original disability award and penalty ($26,180 plus $2,618), were based upon separate and distinct unexplained delays in paying the outstanding indemnity balance ($14,860) and the original penalty award, in accordance with the decisions in *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242], *Anderson* v. *Workers' Comp. Appeals Bd.* (1981) 116 Cal.App.3d 954 [172 Cal.Rptr. 398], and *Viegas* v. *Workers' Comp. Appeals Bd.* (1983) 148 Cal.App.3d 423 [196 Cal.Rptr. 10].

On February 25, 1985, we issued our writ in compliance with said mandate.

### DISCUSSION

■ It is undisputed that section 5814 requires allowance of an added 10 percent "penalty" for unreasonable delay in the payment of interest on any benefit conferred upon an injured employee under the workers' compensation law. (*Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 683-685 [95 Cal.Rptr. 219]; see also section 5800; *Tucker* v. *Workmen's Comp. Appeals Bd.* (1975) 44 Cal.App.3d 330 [118 Cal.Rptr. 567].) However, both parties—relying on *Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d 815—are in sharp disagreement as to whether the 10 percent penalty is to be assessed against the full amount of the award or only against the amount of delinquent interest.

In construing the relevant statutory phrase, the Supreme Court concluded that the " 'full amount of the . . . award' " upon which the 10 percent penalty was to be assessed was restricted to the particular class of benefit delayed where the award is otherwise readily severable into different classes or categories of compensation. (*Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d at pp. 824, 826.) The court reasoned in part that any other construction of the statute would lead to harsh and unfair results insofar as a single decision or award embraced severable classes of benefits, including those which had been promptly and fully paid. (*Id.*, at p. 826.) In a related context, the court also determined that no exception for any minor delinquency and no provision for credit for partial payments made under compulsion of an award existed under the statute. (*Id.*, at pp. 822, 827.)

Petitioner argues that interest which accrues on unpaid benefits by operation of law is not a separate species or class of compensation within the meaning of the *Gallamore* limitation but is, instead, an integral part of the underlying benefit itself. Thus, the argument continues, the statutory penalty must be assessed against the entire amount of unpaid benefits, namely the remaining unpaid balance increased by the delayed interest due. To limit the penalty to the interest accrual alone as a special class of benefits would, petitioner ultimately concludes, tend to discourage or defeat timely payment contrary to the legislative policy favoring the injured employee since the employer or carrier would have little incentive to make such payments in view of the potentially miniscule sanction.[4]

---

[4]In their brief in support of petitioner, amicus California Applicants' Attorneys Association suggests that upholding the board's interpretation herein will render payment of interest "a practical nullity" since in virtually every compensation case the small sum involved,

While no case squarely on point is found in the official reports, the board itself on at least one other occasion has concluded that interest is an integral part of the class of benefits on which it accrued justifying imposition of the 10 percent penalty computed on the basis of the underlying benefit *including* the interest component. (*United States Fidelity and Guaranty Company* v. *Workers' Comp. Appeals Bd.* (1981) 46 Cal.Comp.Cases 270.)

Additional support for petitioner's argument is found in *Anderson* v. *Workers' Comp. Appeals Bd., supra,* 116 Cal.App.3d 954. In an analogous factual setting (delinquent payment of a previous penalty), the court annulled the board's decision limiting the additional penalty assessment to the penalty award itself as "a separate class of benefits" reasoning, quite properly we believe, that a section 5814 penalty is suitably characterized as "part and parcel of the original compensation award" rather than a separate type of benefit within the *Gallamore* formula. (*Id.,* at p. 960.)

Although the board should strive to fairly balance the injured employee's right to prompt payment with the avoidance of harsh sanctions inflicted upon the employer (*Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d at p. 828), such equilibrium must be achieved within the broader policy objectives requiring liberal interpretation of the penalty provision in favor of the injured employee. (*Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226, 229 [133 Cal.Rptr. 517, 555 P.2d 303]; *Viegas* v. *Workers' Comp. Appeals Bd., supra,* 148 Cal.App.3d 423, 427.) To reach the contrary determination urged by Del Monte (in reliance on a "trend" of *unpublished* decisions) would, we think, seriously undermine that overriding policy and to a large extent eliminate any reasonable likelihood of payment of such resulting de minimis amounts. (See *Tucker* v. *Workmen's Comp. Appeals Bd., supra,* 44 Cal.App.3d 330, 332.)

It seems just and reasonable to conclude that calculating the statutory penalty based upon the integrated components of the underlying benefit and accrued interest will promote the legislative policy by providing the employer some economic inducement to make prompt payment of interest due. Of course, the statute itself affords protection to the employer against potentially onerous sanctions by limiting the imposition of penalties only to those payments which are "'unreasonably' delayed," essentially a factual

---

together with the inconsequential fees recoverable in enforcement, would operate as an economic disincentive to litigate such questions, a dire prophecy not entirely without factual precedent. (Cf. *Franczak* v. *Liberty Mut. Ins. Co.* (1977) 19 Cal.3d 481 [138 Cal.Rptr. 467, 564 P.2d 9] [interest under section 5800 subject to enforcement in class action against recalcitrant insurer on the basis of economic feasibility].) In the scenario painted by amicus, the typical attorney fee award would be in the range of 9 to 12 percent of the 10 percent penalty awarded, a trifling penury at best.

issue for the board's determination. (*Gallamore* v. *Workers' Comp. Appeals Bd.*, *supra*, 23 Cal.3d 815, 822-823.)

Accordingly, we hold that computation of a section 5814 penalty based upon a finding of unreasonable delay in the payment of interest is to be made on the basis of the underlying benefit to which the interest applies increased by the amount of the delinquent interest.

That portion of the board's order denying reconsideration relevant to the assessment of penalties for unreasonable delay in the payment of interest is annulled. The matter is remanded to the board for further proceedings consistent with the views expressed herein.

Newsom, J., and Holmdahl, J., concurred.