[No. B096923. Second Dist., Div. Four. June 27, 1996.]

OSCAR SOTO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, DE LA CRUZ
TERMITE CO. et al., Respondents.

## COUNSEL

Elliot S. Berkowitz and Sheldon S. Cohen for Petitioner.

Miller & Folse and John W. Miller for Respondents.

## OPINION

**HASTINGS, J.**—This is a petition for review from denial of reconsideration by the Workers' Compensation Appeals Board.[1] We are presented with two issues: (1) upon what amount is the penalty assessment pursuant to Labor Code section 5814 calculated; and, (2) whether the unreasonable failure to timely pay interest on benefits due, and later payment at an improper rate, is a single course of conduct or two separate acts for purposes of a section 5814 penalty assessment.

We conclude that *Rhiner v. Workers' Comp. Appeals Bd.* (1993) 4 Cal.4th 1213 [18 Cal.Rptr.2d 129, 848 P.2d 244] requires that the penalty assessment be calculated against the total award of benefits per class, including those already paid prior to the unreasonable failure to pay interest. We agree with the board that the actions of respondents constitute one single course of conduct resulting in only one penalty assessment.

### FACTS

Petitioner, Oscar Soto, was employed as a fumigator by De La Cruz Termite Co., insured for purposes of workers' compensation claims by Citation Insurance Company (collectively respondents).

---

[1]While the Workers' Compensation Appeals Board is named as respondent, it has made no appearance. We will refer to the Workers' Compensation Appeals Board as the board.

While on the job, on July 25, 1990, and January 15, 1991, petitioner sustained compensable industrial injury to his hips, right ankle, right foot, left knee and head. He filed a claim for workers' compensation benefits on November 16, 1993. Findings and an award issued for 20 percent permanent disability in the total amount of $9,870, less interim attorneys fees of $1,500. All other issues, including penalties and interest, were deferred.

On November 14, 1994, the parties entered into a stipulated agreement to conclude the matter. Petitioner agreed to accept $1,000 in full and final satisfaction of any and all claims for permanent disability (PD), temporary disability (TD), vocational rehabilitation maintenance allowance (VRMA), penalties and interest to date. The parties also agreed that an additional $2,300 would be paid for attorney fees.

The sums agreed upon were paid by respondents to petitioner and his attorney on November 22, 1994. However, no interest pursuant to Labor Code section 5800 was included. Counsel for petitioner wrote to respondents pointing out the omission of the interest. On January 3, 1995, respondents issued two additional checks to petitioner and his counsel for interest calculated from the amounts paid, but at a rate of 7 percent, not the rate required by law, 10 percent.

Respondents refused to issue interest in the correct amount and the parties proceeded to trial on the issue of whether respondents acted unreasonably in refusing payment of interest on the amounts of the award. On June 30, 1995, a workers' compensation judge (WCJ) issued findings and an award in favor of petitioner and against respondents. The WCJ ordered respondents to recalculate and pay interest at the rate of 10 percent per annum based upon the principal sums of $1,000 and $2,300 from the November 14, 1994, date of the award, less credit for the amount of interest actually paid. The WCJ determined that respondents acted unreasonably when they initially failed to pay interest and later when they failed to pay at the correct rate. However, the WCJ determined that these actions related to a single course of conduct. The WCJ assessed penalties, pursuant to Labor Code section 5814, in favor of petitioner in the sum of $100 and petitioner's counsel in the sum of $230.

Petitioner sought reconsideration. Petitioner argued that the penalty assessments should be based upon the entire amount of benefits awarded; the two awards on November 14, 1994, of $1,000 and $2,300, plus the sum of $9,870 issued for PD on November 16, 1993. Petitioner cited, inter alia, the cases of *Rhiner* v. *Workers' Comp. Appeals Bd.*, *supra*, 4 Cal.4th 1213, *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242], and *Gellie* v. *Workers' Comp. Appeals Bd.*

(1985) 171 Cal.App.3d 917 [217 Cal.Rptr. 630]. Petitioner also urged there were two unreasonable acts, each of which required a full penalty assessment: the total failure to pay interest upon the initial payments and payment of interest at the wrong rate.

The WCJ recommended the board grant reconsideration for the purpose "of making an en banc decision on these penalty issues for the guidance of its trial courts and the practitioners before the WCAB, as well as benefit providers."

The board reviewed the matter and denied reconsideration, affirming the WCJ's decision. "In the instant [case] it is the *interest* which was delayed rather than the lump sum settlement amount which was timely paid on November 22, 1994, approximately eight days after the Findings and Award issued. Therefore, we find that the underlying class of benefit to which the penalty should attach in this case is the $1,000.00 stipulated award of November 14, 1994 and the attorney's fees. [¶] Next, with respect to the contention that [respondents'] conduct on November 21, 1994 and January 3, 1995 constitutes two separate and distinct acts requiring impositions [*sic*] of two separate and distinct 10% penalties, we disagree. We are persuaded that what occurred was a single act of misconduct. We further believe that placing a limitation upon the assessment of multiple penalties is appropriate here to assure that the employer is not doubly penalized for what was essentially a single act of conduct. [Citation.] Any alternative construction of section 5814 in this case would lead to a harsh and unfair result. . . . [¶] Moreover, we find nothing in this decision that is contrary to the California Supreme Court case of *Rhiner* v. *Workers' Comp. Appeals Bd.* [, *supra*, 4 Cal.4th 1213]."

Petitioner requested and we granted this petition for writ of review.

*Determination of the amount of penalty*

■ We begin with a quote from *Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d at pages 822-823: "Carrier urges that the board should have discretion to ignore minor, de minimis delinquencies in determining whether to assess a penalty. The language of section 5814, however, does not recognize any such exception and requires assessment of the penalty for *any* 'unreasonable' delay [citation], and the cases have held that the penalty must be imposed without regard to the amount of benefits delayed or refused (*Tucker* v. *Workmen's Comp. Appeals Bd.* (1975) 44 Cal.App.3d 330 [118 Cal.Rptr. 567] . . . ; *Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 684 [95 Cal.Rptr. 219] . . .). As the *Laucirica* court properly observed, 'We recognize, of course, that a broad requirement of additional award upon every delay in payment of interest could work mischief

and inequity. There may be an entirely reasonable excuse for delay. Normal or unavoidable delays in delivery of payment could allow time for accrual of minor sums of interest which would be but de minimis. *Such problems, however, may be met by the board in determining reasonableness of the delay.* Addition of a penalty is expressly limited by section 5814 to payments which are "unreasonably" delayed. The section expressly vests determination of this largely factual issue in the board.' (P. 684, italics added.)"

*Gallamore* was recently reaffirmed by the California Supreme Court in *Rhiner* v. *Workers' Comp. Appeals Bd.*, *supra*, 4 Cal.4th at page 1227, which we shall address further. We now turn to a review of the underlying law.

■ Labor Code section 5800 provides: "All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award. *Such interest shall run from the date of making and filing of an award, as to amounts which by the terms of the award are payable forthwith. . . .*" (Italics added.) The WCJ properly concluded that 10 percent interest, the legal rate due on judgments, should have been included in the payments made to petitioner and his counsel on November 22, 1994, in addition to the principal amounts of $1,000 and $2,300.

Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. . . ."

Initially, we note that interest is included within the term "compensation" for application of this section. (*Tucker* v. *Workmen's Comp. Appeals Bd.*, (1975) 44 Cal.App.3d 330, 332 [118 Cal.Rptr. 567]; *Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 684 [95 Cal.Rptr. 219].) Therefore, an unreasonable delay in the payment of interest brings Labor Code section 5814 into play. (*Gellie* v. *Workers' Comp. Appeals Bd.*, *supra*, 171 Cal.App.3d at p. 920.)

Here, the WCJ found that the original failure by respondents to pay the interest was unreasonable. The WCJ also found that payment at the rate of 7 percent was unreasonable. These findings were ratified by the board. ■ Therefore, we turn our attention to whether the WCJ and the board erred in determining the amount of the penalties assessed.

*Gellie, supra,* addressed the same situation as presented in this case: unreasonable failure to pay interest due under Labor Code section 5800. The court reviewed the *Gallamore* decision and noted: "In construing the relevant statutory phrase [of section 5814], the Supreme Court concluded that the ' "full amount of the . . . award" ' upon which the 10 percent penalty was to be assessed was restricted to the particular class of benefit delayed where the award is otherwise readily severable into different classes or categories of compensation. [Citation.]" *(Gellie v. Workers' Comp. Appeals Bd., supra,* 171 Cal.App.3d at p. 920.) The court concluded: "Accordingly, we hold that computation of a section 5814 penalty based upon a finding of unreasonable delay in the payment of interest is to be made on the basis of the underlying benefit to which the interest applies increased by the amount of the delinquent interest." *(Id.* at p. 922.) The court remanded the matter to the board for further proceedings.

Here, respondents, and the board, construed the underlying benefits upon which Labor Code section 5814 penalties would apply to be the awards of $1,000 and $2,300, the amounts subject to the stipulation of November 14, 1994. This was error.

In *Rhiner v. Workers' Comp. Appeals Bd., supra,* 4 Cal.4th 1213, the Supreme Court addressed the issue of whether credit is allowed for prior timely payments for the same class of benefits upon which a penalty assessment is levied for later untimely payments. The Supreme Court declined to allow such credit. "The resolution of the appropriate means of computing the penalty against the employer for unreasonable delay in payment to the injured employee centers on the construction of section 5814. As in all problems of statutory interpretation, it is appropriate to begin with the words of the provision to be construed, as these words are generally 'the best indicator of legislative intent.' *(Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826 [4 Cal.Rptr.2d 615, 823 P.2d 1216].) [¶] . . . [¶] Section 5814 expressly requires that the penalty be calculated as a 10 percent increase of the 'full amount of the order, decision or award.' It makes no provision for any deductions or credits, nor does it distinguish between benefits payable before and after the award. Thus, it is clear from the plain wording of the statute that the Legislature intended the penalty to be applied against the total amount of the award, without a deduction or credit for the employer's timely preaward payments." *(Id.* at pp. 1217-1218.)

The court concluded with the following statement: "We reaffirm our holding in *Gallamore, supra,* 23 Cal.3d 815, that the penalty required by section 5814—as the language of that statute plainly states and its legislative history confirm—*must be assessed against the entire amount ultimately*

*awarded to the employee for the class of compensation in which the payment was unreasonably delayed or refused by the employer*, without deduction of payments made by the employer before the formal award." (*Rhiner* v. *Workers' Comp. Appeals Bd., supra*, 4 Cal.4th at pp. 1227-1228, italics added, fn. omitted.)

In this case, the award of $1,000 to petitioner was a concluding settlement referencing PD, TD, and VRMA. The prior amount of $9,870 was also for PD, one of the same classes referenced in settlement. Therefore, it must be included within the amount against which the penalty award is determined. Accordingly, both the WCJ and the board erred in determining the amount of penalty.

*Whether the conduct was a single course of conduct*

■ Petitioner urges that respondents should be found to have two episodes of unreasonable delay in payment of the interest. We disagree.

First, we look to the findings made by the WCJ on the subject: "In the trial court's opinion, the entire issue is a single dispute over the proper interest payable under [section] 5800. The course of conduct began with failure to pay any interest at all. That course of conduct is not finished until there is complete proper payment, either by stipulation, or by court order correcting the problem."

The board affirmed the decision of the WCJ and, on this issue, concluded: "We are persuaded that what occurred was a single act of misconduct. We further believe that placing a limitation upon the assessment of multiple penalties is appropriate here to assure that the employer is not doubly penalized for what was essentially a single act of misconduct. (See *Gallamore, supra*, [23 Cal.3d at pp. 823-824].)"

Whether there has been unreasonable delay is a factual call which must be made by the board in the first instance. (*Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d at p. 823.) We view the determination of the board on whether the actions of respondents constituted a single course of conduct to be inextricably intertwined with the determination of reasonableness, and therefore within the factual purview of the board. We cannot conclude as a matter of law that the board's determination on this issue was wrong.

We also agree with the determination of the WCJ, as adopted by the board, that real party should receive credit for the amount of interest actually paid at the rate of 7 percent.

## Disposition

That portion of the board's order denying reconsideration relevant to the assessment of penalties for unreasonable delay in the payment of interest is annulled. The matter is remanded to the board for further proceedings.

Vogel (C. S.), P. J., and Epstein, J., concurred.