[No. D036792. Fourth Dist., Div. One. June 12, 2001.]

CALIFORNIA HIGHWAY PATROL, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and JAIME
EREBIA, Respondents.

▄▄▄▄▄▄▄▄▄▄▄▄▄
▄▄▄▄▄▄▄▄▄▄▄
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

**COUNSEL**

Richard A. Krimen, Robert W. Daneri and Don E. Clark for Petitioner.

S. Robert Walder for Respondent Jaime Erebia.

No appearance for Respondent Workers' Compensation Appeals Board.

**OPINION**

**HALLER, J.**—An employer delayed in paying workers' compensation benefits. When the employer made a retroactive payment, it failed to include accrued interest. The Workers Compensation Appeals Board (WCAB) imposed two consecutive 10 percent penalties: one for the late benefit payment and one for the failure to pay interest. (Lab. Code, § 5814.) We hold that when an employer or carrier makes a late workers' compensation benefit payment and fails to include interest in that payment, only a single penalty may be imposed under Labor Code section 5814 (section 5814).

California Highway Patrol (CHP) petitions after the WCAB awarded Jaime Erebia three separate penalties for unreasonable delays in paying (1) permanent disability benefits; (2) interest on the late permanent disability payment; and (3) medical treatment benefits. CHP contends the penalty for the unreasonable delay in paying interest constitutes an improper multiple penalty under *Christian v. Workers' Comp. Appeals Bd.* (1997) 15 Cal.4th 505 [63 Cal.Rptr.2d 336, 936 P.2d 115]. We agree, and annul the portion of the WCAB's order awarding a penalty for the failure to include accrued interest with the retroactive benefit payment.

FACTS

In 1988, Jaime Erebia, a CHP traffic officer, sustained serious injuries. Erebia filed a workers' compensation claim, and the WCAB found Erebia's injuries resulted in permanent disability of 100 percent. The WCAB awarded Erebia $224 per week for life, future medical treatment, and reimbursement for out-of-pocket medical expenses. The award provided a $107,000 credit for funds to be received from a third party. CHP was not required to begin making the disability or medical payments until the third party credit was exhausted.

On June 14, 1997, Erebia mailed information to State Compensation Insurance Fund (State Fund), CHP's adjusting agency, showing that the third party payments had been exhausted. Two days later, on June 16, State Fund received the notice. Six weeks later, on July 25, 1997, State Fund resumed permanent disability benefits, and made a retroactive payment of $1,216, reflecting $224 per week for the period June 18, 1997, through July 25, 1997. This retroactive payment did not include interest.

In August 1999, Erebia filed notice that he was seeking penalties under section 5814 for CHP's (1) delay in paying permanent disability benefits; (2) failure to include accrued interest when making the retroactive disability payment; and (3) delay in paying for medical treatment. At the hearing, the evidence established Erebia gave notice to State Fund on June 16 through a certified letter of the fact that the third party credit had been exhausted. This notice immediately triggered CHP's obligation to pay the $224 weekly installment payments.

After considering the evidence, the workers' compensation judge (WCJ) found Erebia proved the disability payments were delayed for six weeks, and that CHP "presented absolutely no evidence as to why a delay of approximately six weeks from the exhaustion of its credit rights to the payment of permanent disability owed occurred." Based on this finding, the WCJ found the delay was unreasonable and thus assessed a 10 percent penalty on the permanent disability award under section 5814.

The WCJ also made a separate finding that CHP failed to pay accrued interest on the late permanent disability payment, and that this failure to pay interest was unreasonable. Based on this finding, the WCJ assessed an additional 10 percent penalty on the permanent disability award under section 5814.

The WCJ also made a third finding that CHP failed to timely pay medical benefits and this delay was unreasonable, and thus assessed a 10 percent penalty on the medical benefits award under section 5814.[1]

CHP petitioned for reconsideration, asserting several arguments, including that the penalty for the failure to pay interest on the retroactive payment was improper because the "failure to act timely in payment of permanent disability and interest was a single act, not separate and distinct acts" under *Christian v. Workers' Comp. Appeals Bd., supra,* 15 Cal.4th 505.

---

[1]Although much of the administrative hearing and evidence focused on the delay in paying medical benefits, we omit discussion of these facts because the appellate issues do not concern the medical benefits or the related penalties.

In its report on the reconsideration petition, the WCJ rejected each of CHP's arguments. With respect to the multiple penalty issue, the WCJ reiterated that it had made a finding that the payment of interest was unreasonably delayed and therefore an additional 10 percent penalty was assessed. Based on its review of the record and "for the reasons stated in [the WCJ's] report," the WCAB denied reconsideration.

## DISCUSSION

■     Under section 5814, the WCAB must impose a 10 percent penalty if "payment of compensation has been unreasonably. delayed or refused . . . ."[2] (See *Avalon Bay Foods v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1165, 1172 [77 Cal.Rptr.2d 552, 959 P.2d 1228].) Because the term "compensation" has been construed to include interest, this statute requires the WCAB to impose a 10 percent penalty for delayed or refused interest payments as well as delayed or refused principal payments. (*Soto v. Workers' Comp. Appeals Bd.* (1996) 46 Cal.App.4th 1356, 1361 [54 Cal.Rptr.2d 446]; *Tucker v. Workmen's Comp. Appeals Bd.* (1975) 44 Cal.App.3d 330, 332 [118 Cal.Rptr. 567].) The 10 percent penalty for a delayed or refused interest payment is calculated based on the total amount of the benefit to which the interest attaches. (*Gellie v. Workers' Comp. Appeals Bd.* (1985) 171 Cal.App.3d 917, 922 [217 Cal.Rptr. 630].) This is because the interest is considered to be " 'part and parcel of the original compensation award' " and therefore within the same " 'class of benefits.' [Citation.]" (*Id.* at p. 921; see *Avalon Bay Foods v. Workers' Comp. Appeals Bd., supra,* 18 Cal.4th at p. 1172.)

■     The WCJ made specific factual findings that CHP unreasonably delayed in making installment payments and unreasonably failed to include interest with the $1,216 retroactive payment. CHP does not challenge these findings, nor does CHP disagree that each of these actions may independently support a section 5814 penalty assessment. CHP contends, however, the WCAB had no authority to award *two* penalties under section 5814 for a *single* payment that was late and failed to include interest.

Although the language of section 5814 does not expressly prohibit multiple penalties, our Supreme Court has construed the statute to limit the

---

[2]Section 5814 states "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause . . . to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

WCAB's authority to impose two penalties at one time. (*Christian v. Workers' Comp. Appeals Bd., supra,* 15 Cal.4th 505.) Relying on the legislative history and the policies underlying the statutory penalty, the *Christian* court held section 5814 permits multiple penalties for delay or nonpayment of benefits "only when the unreasonable delay or refusal of those benefits is attributable to separate and distinct *acts* by an employer or insurance carrier." (15 Cal.4th at p. 507, italics added.) Separate and distinct acts occur if (1) the multiple penalties involved separate classes of benefits; or (2) the delay or refusal occurs after "the same conduct had already been found by the Board to be unreasonable and a prior penalty imposed, or some analogous, legally significant event such as a stipulation of liability by the carrier had intervened between the first act for which a penalty was imposed and the second." (*Id.* at p. 511.) Applying these rules, the Supreme Court held that only a single 10 percent penalty should have been awarded for an insurance carrier's failure to pay temporary disability benefits for 11 weeks because the 11 "failures to pay" involved the same class of benefits and no prior penalty or stipulation of liability had been imposed. (*Id.* at pp. 510-518.)

Under *Christian*'s two-prong test, the multiple penalties based on a single payment were likewise improper in this case. First, it is undisputed that CHP had not *previously* been penalized for the late installment payments, or for failing to pay interest on those payments. Second, the conduct for which CHP was twice penalized concerns a single payment reflecting the same class of benefits. (See *Gellie v. Workers' Comp. Appeals Bd., supra,* 171 Cal.App.3d at pp. 920-921.) Under Labor Code section 5800, "[a]ll awards of the appeals board for compensation . . . shall carry interest at the same rate as judgments in civil actions . . . ." (*Soto v. Workers' Comp. Appeals Bd., supra,* 46 Cal.App.4th at p. 1361.) With respect to installment payments, "interest shall run from the date when each such amount becomes due and payable." (Lab. Code, § 5800.) When owed, "[i]nterest should always be computed and paid with the payment of the principal award absent special circumstances." (*Tucker v. Workmen's Comp. Appeals Bd., supra,* 44 Cal.App.3d at p. 332; accord, *Soto v. Workers' Comp. Appeals Bd., supra,* 46 Cal.App.4th at pp. 1360-1361; *Laucirica v. Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 684 [95 Cal.Rptr. 219].) Thus, under Labor Code section 5800, the underlying compensation payment and accrued interest are "integrated components" of the same class of benefits. (*Gellie v. Workers' Comp. Appeals Bd., supra,* 171 Cal.App.3d at p. 921.)

Because the interest and installment payment relate to the same class of benefits and there was no prior penalty, the imposition of two 10 percent penalties for the single act of paying the installments late and without

interest is prohibited. (See *Moulton v. Workers' Comp. Appeals Bd.* (2000) 84 Cal.App.4th 837, 843-844 [101 Cal.Rptr.2d 175] [payment of a late payment at wrong amount "warrants only a single section 5814 penalty" because "[m]aking a late partial payment is necessarily part of the delay in making the total payment"]; see also *Soto v. Workers' Comp. Appeals Bd., supra,* 46 Cal.App.4th at p. 1363 [the WCAB did not err in finding payment of late interest at wrong amount was "a single act of misconduct" that could not be "doubly penalized"].)

Our conclusion will promote the policies underlying the statutory scheme, which seek to ensure a " 'fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties.' " (*Christian v. Workers' Comp. Appeals Bd., supra,* 15 Cal.4th at p. 517, quoting *Gallamore v. Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 828 [153 Cal.Rptr. 590, 591 P.2d 1242].) A double penalty for late payment and failure to pay interest would add some economic inducement for an employer to include an interest payment when making a retroactive benefit payment, but this marginal benefit is outweighed by the undue burden on an employer who is penalized twice for a single transaction. The late payment here was essentially a single act of misconduct, and it would be unfair to doubly penalize an employer for this one act. Moreover, permitting a double penalty could inhibit an employer from promptly paying a late benefit payment because the employer could be treated more harshly than the employer who makes no payment at all. Because accrued interest is due when the late payment is made, an employer could make a rational economic decision that it would be better off to wait to make the late payment until it was ordered to do so. (See *Moulton v. Workers' Comp. Appeals Bd., supra,* 84 Cal.App.4th at p. 843.)

Further, strong incentives for prompt payment remain—the employer who fails to timely pay an installment payment is still liable for a 10 percent penalty on the entire benefit amount plus 10 percent interest on the late payments. That interest continues to accrue until the outstanding benefit amount is paid. The penalty together with the mandatory interest will provide strong encouragement for an employer/carrier to timely pay compensation payments and thus substantially prevent economic hardship to injured workers.

### DISPOSITION

The portion of the WCAB's order denying reconsideration relevant to the assessment of a 10 percent penalty for the failure to pay interest is annulled.

The remaining portions of the order are affirmed. The matter is remanded to the WCAB.

Kremer, P. J., and McIntyre, J., concurred.