[No. B138356. Second Dist., Div. Six. Nov. 6, 2000.]

JILL MOULTON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF SAN DIEGO, Respondents.

838

COUNSEL

Hourigan & Holzman and David T. Holzman for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

John J. Sansone, County Counsel, Diane Bardsley, Assistant County Counsel, and Edmund E. Mozulay, Deputy County Counsel, for Respondent County of San Diego.

OPINION

GILBERT, P. J.—An employer admits to unreasonable delay in paying temporary disability benefits awarded to an injured employee. Here we decide how many penalties to assess under Labor Code sections 4650[1] and 5814[2] against the employer. We conclude, among other things, that the failure of an employer to self-assess a section 4650 penalty is subject to a section 5814 penalty.

The workers' compensation judge (WCJ) awarded three separate penalties under section 5814. The Workers' Compensation Appeals Board (WCAB) granted the employer's petition for reconsideration. It reduced the penalties to two, assessing one penalty under section 5814 and one under section 4650, subdivision (d) (hereafter section 4650(d)), finding the delay was the result of a single course of misconduct. Both the WCJ and the WCAB partially erred in assessing the penalties.

---

[1]All statutory references are to the Labor Code.

Section 4650 provides in pertinent part: "(a) If an injury causes temporary disability, the first payment of temporary disability indemnity shall be made not later than 14 days after knowledge of the injury and disability, on which date all indemnity then due shall be paid, unless liability for the injury is earlier denied. [¶] . . . [¶] (d) If any indemnity payment is not made timely as required by this section, the amount of the late payment shall be increased 10 percent and shall be paid, without application, to the employee . . . ."

[2]Section 5814 provides in pertinent part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts."

We annul the order of the WCAB with directions to impose penalties consistent with this opinion.

### FACTS

Petitioner Jill Moulton suffered an admitted industrial injury to her hands and wrists while working for real party in interest County of San Diego (the County) and was awarded temporary total disability benefits of $8,243 on May 12, 1999, for the period July 1998 to May 12, 1999. Under section 4650(d), the County was required to pay the entire amount of the award on or before May 26, 1999. The County failed to do so; it made no payment until Moulton filed and served a petition for penalty on July 13, 1999. On July 15, 1999, the County issued Moulton a payment of $3,886. The County provided no explanation for the delay in payment or the incorrect amount.

At the August 19, 1999, hearing on the petition, the County offered no excuse or explanation for the delay, the partial payment, or its failure to self-assess the section 4650(d) penalty. Instead, the County admitted the payment was late and in the wrong amount, but argued that only one penalty under section 5814 should be assessed because it engaged in a single course of misconduct. The WCJ issued findings and award on September 2, 1999, assessing three separate 10 percent penalties against all past, present and future temporary disability as follows: (1) a penalty under section 5814 for unreasonable delay in paying the May 12, 1999 temporary disability award; (2) a second penalty under section 5814 for unreasonable failure to pay the correct amount of temporary disability; and (3) a third penalty under section 5814 for unreasonable failure to include the section 4650(d) penalty.

The WCAB granted the County's petition for reconsideration and issued an opinion and decision after reconsideration assessing two penalties, one penalty under section 5814 for unreasonable delay in paying the award and a second penalty under section 4650(d). The WCAB rescinded the additional penalties assessed by the WCJ under section 5814 for failure to pay the correct amount of temporary disability and failure to self-assess the section 4650(d) penalty because "[d]efendant's failure to include a self-imposed penalty under . . . section 4650(d), its failure to pay the correct amount of temporary disability awarded on May 12, 1999, and its unreasonable delay in payment of temporary disability indemnity pursuant to the May 12, 1999 Findings and Award constitute a single continuous act of misconduct."

### DISCUSSION

"The penalty for unreasonable delay in the payment of compensation is designed to help an employee obtain promptly the cure or relief he is

entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion." (*Davison v. Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].) Whether the length of the delay is unreasonable in the first instance is a question for the trier of fact to decide in light of all the circumstances. (§ 5814; *Kampner v. Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 376 [150 Cal.Rptr. 222].)

■ "In considering a petition for writ of review of a decision of the WCAB, this court's authority is limited." (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26].) "In reviewing the evidence our legislative mandate and sole obligation under section 5952 is to review the entire record to determine whether the board's conclusion was supported by substantial evidence." (*LeVesque v. Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432].) "*LeVesque* does not, however, limit appellate review of errors of law in workmen's compensation cases." (*Dimmig v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864 [101 Cal.Rptr. 105, 495 P.2d 433].)

The material facts here are undisputed; the County unreasonably delayed paying the temporary disability award. Applying a statute to undisputed facts raises a question of law for the court to decide. (*Mote v. Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 902, 909 [65 Cal.Rptr.2d 806].) Therefore, a purported finding of fact on a question of law is not binding on this court. (*Dimmig v. Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d at p. 864.)

*Section 5814*

■ An unreasonable delay in providing workers' compensation benefits subjects an employer to a mandatory 10 percent penalty under section 5814. (*Gallamore v. Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 822-823 [153 Cal.Rptr. 590, 591 P.2d 1242]; see also *Mote v. Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th at p. 911 ["Where the employer does not pay a type of benefit or unreasonably delays payment due, the WCAB cannot refuse to impose the section 5814 penalty"].) The penalty has been applied to virtually all types of benefits provided by the workers' compensation laws, including temporary and permanent disability indemnity. (*Adams v. Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226, 229 [133 Cal.Rptr. 517, 555 P.2d 303].)

Multiple penalties are properly assessed under section 5814 for delays in payment of the same kind of benefit under certain conditions. The decision whether assessment of multiple penalties is required turns on whether an

employer engages in a "single course of misconduct" or "separate and distinct acts of misconduct." In *Gallamore v. Workers' Comp. Appeals Bd., supra*, 23 Cal.3d at page 824, our Supreme Court held that "multiple penalties are appropriate in a single penalty proceeding" where "the circumstances disclose separate and distinct acts of delay or nonpayment, and prior notice was given of the applicant's intent to seek separate or additional penalties for such acts."

In *Christian v. Workers' Comp. Appeals Bd.* (1997) 15 Cal.4th 505, 511 [63 Cal.Rptr.2d 336, 936 P.2d 115], our Supreme Court clarified the rule: "While we have held that multiple penalties must be applied in some circumstances, those penalties have been approved only when the refusal of, or delay in payment of benefits, necessarily involved separate and distinct unreasonable acts by the insurance carrier. Those multiple penalties involved separate classes of benefits, individual claims for payment or reimbursement of medical or travel expenses, or a repeated refusal or delay in payment of a benefit after the same conduct had already been found by the Board to be unreasonable and a prior penalty imposed, or some analogous, legally significant event such as a stipulation of liability by the carrier had intervened between the first act for which a penalty was imposed and the second."

In *Mote v. Workers' Comp. Appeals Bd., supra*, 56 Cal.App.4th at page 912, we construed section 5814 as requiring separate penalties for each separate act of unreasonable conduct involving delayed temporary disability benefits.

*Section 4650*

" 'The section 4650 penalty does not duplicate or supersede the section 5814 penalty; . . . the section 4650 penalty, which is a self-executing, strict liability provision not dependent on a finding of unreasonable delay, is intended to supplement, not replace, the section 5814 penalty. . . .' [Citations.] Thus, respondents are strictly liable for section 4650 penalties, without application or demand, in addition to any other penalties which may be assessed against them." (*Mote v. Workers' Comp. Appeals Bd., supra*, 56 Cal.App.4th at p. 910.)

The parties do not dispute that assessment of a section 4650(d) penalty is required.

*Calculation of Penalties*

We disagree with one of the WCJ's findings. We conclude the partial payment made on July 15, 1999, warrants only a single section 5814

penalty. Making a late partial payment is necessarily part of the delay in making the total payment. Were we to hold otherwise, we would treat the employer who makes a partial payment more harshly than the employer who makes no payment at all.

We also disagree with one of the WCAB's findings. We conclude the failure to self-assess the section 4650(d) penalty is a separate act of misconduct subject to a separate penalty. It is not, as the WCAB held, part of a "single continuous act of misconduct." As noted above, section 4650(d) is intended to supplement, not replace, the section 5814 penalty. Our conclusion is consistent with a recent in bank decision of the WCAB. In *Farris v. Workers' Comp. Appeals Bd.* (2000) 65 Cal.Comp.Cases 824 (in bank), the WCAB determined that a section 5814 penalty awarded for failure to self-assess the section 4650(d) penalty is assessed against the entirety of the benefit increased by the section 4650(d) penalty amount. ▇▇▇ (See also *Peter Kiewit Sons, Inc. v. Workers' Comp. Appeals Bd. (Garland)* (1998) 63 Cal.Comp.Cases 331 [WCAB imposed two penalties on permanent disability indemnity because defendant failed to pay at correct rate and failed to assess self-imposed penalty under § 4650].)[3]

▇▇ If any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entirety of that benefit. (*Avalon Bay Foods v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1165, 1171 [77 Cal.Rptr.2d 552, 959 P.2d 1228].) Each section 5814 penalty must be computed on the whole of the award applicable for the particular class of benefit involved. (*Christian v. Workers' Comp. Appeals Bd., supra,* 15 Cal.4th at p. 514; see also *Anderson v. Workers' Comp. Appeals Bd.* (1981) 116 Cal.App.3d 954, 960 [172 Cal.Rptr. 398] ["a section 5814 penalty is properly characterized as part and parcel of the original compensation award. It is an increase in compensation awarded, rather than a separate type of benefit. Accordingly, any subsequent penalties would be assessed against the principal amount of the original award as increased by any prior penalty assessments"].) The method for calculating 4650(d) penalties is set forth in the statute: 10 percent of the amount of the payment delayed. (*Mote v. Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th at p. 910; *Farris v. Workers' Comp. Appeals Bd., supra,* 65 Cal.Comp.Cases 824.)

---

[3]Decisions of the WCAB reported in California Compensation Cases are citable as authority, although they are not binding on this court. (*Wings West Airlines v. Workers' Comp. Appeals Bd.* (1986) 187 Cal.App.3d 1047, 1053, fn. 4 [232 Cal.Rptr. 343].) This is consistent with " 'the well-established principle that contemporaneous administrative construction of a statute by the agency charged with its enforcement and interpretation, while not necessarily controlling, is of great weight; and courts will not depart from such construction unless it is clearly erroneous or unauthorized.' " (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 675, 683 [43 Cal.Rptr.2d 660].)

Moulton is entitled to have her award increased by three separate penalties: the 10 percent self-imposed penalty under section 4650(d) and two 10 percent penalties under section 5814, one for unreasonable delay in paying temporary disability benefits and one for failing to self-assess the section 4650(d) penalty. Both section 5814 penalties are assessed against all past, present and future temporary disability payments as increased by the section 4650(d) penalty.[4]

 We believe this interpretation of sections 5814 and 4650(d) reflects the mandate that we construe the workers' compensation laws liberally in favor of the employee while achieving "a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties." (*Gallamore v. Workers' Comp. Appeals Bd., supra,* 23 Cal.3d at p. 828.)

The WCAB's decision is annulled. The cause is remanded to the WCAB for such further proceedings as are consistent with the views expressed in this opinion and its decision in *Farris v. Workers' Comp. Appeals Bd., supra,* 65 Cal.Comp.Cases 824. Each party is to bear its own costs on appeal.

Yegan, J., and Perren, J., concurred.

---

[4]In the event that only part of an award is delayed, then the section 4650(d) penalty would be assessed only against the amount delayed. Any section 5814 penalties would be assessed against all past, present and future temporary disability benefits increased by the amount of the section 4650(d) penalty.