[No. B163686. Second Dist., Div. Eight. Oct. 3, 2003.]

JUAN A. RIVERA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and TOWER
STAFFING SOLUTIONS et al., Respondents.

COUNSEL

Berger & Michelena and Nestor A. Michelena for Petitioner.

Richard Krimen, Robert W. Daneri and Louis Harris for Respondents Tower Staffing Solutions and State Compensation Insurance Fund.

No appearance for Respondent Workers' Compensation Appeals Board

OPINION

**BOLAND, J.**—Petitioner Juan Rivera sustained an industrial injury and entered into a settlement agreement with his employer, respondent Tower Staffing Solutions (Tower). The settlement included accrued and continuing periodic indemnity payments. Rivera also requested commutation of future indemnity payments into a lump sum, which was approved by the Workers'

Compensation Appeals Board (WCAB). Tower was late in paying the amounts due and included a 10 percent increase under Labor Code section 4650, subdivision (d).[1]

Rivera alleged the payments were late and underpaid, and sought multiple 10 percent increases for unreasonable delay under section 5814.[2] The workers' compensation administrative law judge (WCJ) found there was late payment and a greater amount owed under section 4650, and awarded two increases under section 5814.

Tower appealed. The WCAB concluded in an en banc decision, that the timing provisions of section 4650[3] limited the statute to periodic indemnity payments, and that the statute did not apply to periodic indemnity payments reduced to a lump sum by reason of commutation or settlement. The WCAB affirmed a single increase under section 5814 for the late payment of indemnity.

Rivera petitions for writ of review. He contends the plain language of section 4650, subdivision (d) is that the statute is applicable to any payment of indemnity. Rivera further contends he is entitled to multiple increases

---

[1] Labor Code section 4650, subdivision (d), in relevant part states: "If any indemnity payment is not made timely as required by this section, the amount of the late payment shall be increased 10 percent and shall be paid, without application, to the employee . . . ."

All further undesignated references to a statute are to the Labor Code.

[2] Section 5814 states in part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. . . . The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts."

■ Unreasonable delay or refusal occurs when there is no genuine doubt benefits are owed, from a medical or legal standpoint. (*Kerley v. Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223 [93 Cal.Rptr. 192, 481 P.2d 200]; *Gallamore v. Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242].)

[3] Section 4650, subdivision (a), states: "If an injury causes temporary disability, the first payment of temporary disability indemnity shall be made not later than 14 days after knowledge of the injury and disability, on which date all indemnity then due shall be paid, unless liability for the injury is earlier denied." Subdivision (b) states: "If the injury causes permanent disability, the first payment shall be made within 14 days after the date of the last payment of temporary disability indemnity. Where the extent of permanent disability cannot be determined at the date of last payment of temporary disability indemnity, the employer nevertheless shall commence the timely payment required by this subdivision and shall continue to make these payments until the employer's reasonable estimate of permanent disability indemnity due has been paid, and if the amount of permanent disability indemnity due has been determined until that amount has been paid."

Subdivision (c) provides: "Payment of temporary or permanent disability indemnity subsequent to the first payment shall be made as due every two weeks on the day designated with the first payment."

under section 5814. Tower answers that the plain language of section 4650 supports the WCAB's interpretation, and the decision should be affirmed.

■ We conclude that section 4650 is applicable to payments of periodic and accrued temporary and permanent disability indemnity, but not to payments of future permanent disability indemnity commuted into a lump sum. Accordingly, the decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Juan Rivera, a machine operator for Tower, caught his left hand in a machine at work on March 4, 1999, and suffered a severe crush amputation through the joints of the fingers and a torn forearm muscle. On December 12, 2000, Rivera and Tower entered into Stipulations with Request for Award (Stipulations), which was awarded by the WCJ. The Stipulations provided that all temporary disability indemnity was adequately compensated through April 30, 2000. It further provided that the injury caused 75 percent permanent disability, which totaled $72,295.09 in indemnity payable at $153.33 per week beginning May 1, 2000. In addition, Rivera would receive a life pension at the indemnity rate of $51.75 per week after the payment of permanent disability indemnity.[4] The Stipulations finally provided that $18,000 in attorney's fees would be commuted from the far end of the award, and no interest[5] or penalties[6] would be imposed if the award were paid within 25 days.

At the same time, Rivera petitioned for commutation into a lump sum all future indemnity payments, including the life pension.[7] The WCJ ordered the commutation, subject to objection within 15 days. Tower did not object.

---

[4] Section 4659, subdivision (a), provides in part: "If the permanent disability is at least 70 percent but less than 100 percent, 1.5 percent of the average weekly earnings for each 1 percent of disability in excess of 60 percent is to be paid during the remainder of life, after payment for the maximum number of weeks specified in Section 4658 has been made."

[5] Section 5800 states in part: "All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award. Such interest shall run from the date of making and filing of an award, as to amounts which by the terms of the award are payable forthwith. As to amounts which under the terms of the award subsequently become due in installments or otherwise, such interest shall run from the date when each such amount becomes due and payable."

[6] Presumably, the parties were referring to the increased compensation provided by section 5814.

[7] Section 5100 states: "At the time of making its award, or at any time thereafter, the appeals board, on its own motion either upon notice, or upon application of either party with due notice to the other, may commute the compensation payable under this division to a lump

On or about January 26, 2001, Tower paid the attorney's fees and $22.13 to Rivera. An accompanying letter indicated that the payment was based on the Stipulations.

On or about February 14, 2001, Tower paid Rivera $98,209.20. An accompanying letter set forth a series of calculations and indicated that the amount represented all future indemnity payments from February 8, 2001, including the life pension, which was commuted into the lump sum. Also included in the amount was interest and $10,424.84, which was payment under section 4650.

Rivera claimed the amounts paid were incorrect and unreasonably delayed, and he was entitled to multiple increases or penalties under sections 4650 and 5814. The parties proceeded to trial and submitted briefing. Tower provided its calculations and denied liability for multiple increases or penalties under *Christian v. Workers' Comp. Appeals Bd.* (1997) 15 Cal.4th 505 [63 Cal.Rptr.2d 336, 936 P.2d 115] (*Christian*) (erroneous decision not to pay benefit followed by 11 demands for payment not separate and distinct acts of unreasonable delay or refusal that involve different classes of benefits, claims for medical or travel expense, delay following penalty award, or other legally significant event such as an admission of liability) and *California Highway Patrol v. Workers' Comp. Appeals Bd.* (2001) 89 Cal.App.4th 1201 [108 Cal.Rptr.2d 118] (*California Highway Patrol*) (only one section 5814 increase for failure to include required interest with unreasonably delayed payment).

The WCJ found Tower had unreasonably delayed payment and underpaid the amount owed under section 4650, subdivision (d). The WCJ imposed two separate 10 percent increases under section 5814.

In its opinion, the WCJ explained that Tower's counsel was personally served with the commutation order after it was approved, and since there was no objection within 15 days, payment was due on January 2, 2001. However, the WCJ viewed the two late payments as a single unreasonable delay under *Christian*. The WCJ further found that Tower's calculation of the commuted

---

sum and order it to be paid forthwith or at some future time if any of the following conditions appear:

"(a) That such commutation is necessary for the protection of the person entitled thereto, or for the best interest of the applicant. In determining what is in the best interest of the applicant, the appeals board shall consider the general financial condition of the applicant, including but not limited to, the applicant's ability to live without periodic indemnity payments and to discharge debts incurred prior to the date of injury.

"(b) That commutation will avoid inequity and will not cause undue expense or hardship to the applicant.

"(c) That the employer has sold or otherwise disposed of the greater part of his assets or is about to do so.

"(d) That the employer is not a resident of this state."

value of permanent disability indemnity was correct. Because payment under section 4650 was short $541.07, a second increase under section 5814 was justified.

Tower petitioned the WCAB for reconsideration. Tower conceded the late payment and a single increase under section 5814. However, Tower maintained that the calculation error under section 4650 was part of a single course of conduct under *Christian* and *California Highway Patrol*.

The WCAB granted reconsideration and issued an en banc decision.[8] The WCAB noted the timing provisions of section 4650 and reasoned that, "By its own wording, section 4650 applies to periodic payments of temporary and permanent disability indemnity." The WCAB also cited cases that addressed section 4650, such as *Gangwish v. Workers' Comp. Appeals Bd.* (2001) 89 Cal.App.4th 1284 [108 Cal.Rptr.2d 1] (*Gangwish*).[9] The WCAB concluded that periodic indemnity payments changed or commuted into a lump sum were no longer periodic and, consequently, the timed payment and penalty provisions of section 4650 were not applicable.[10] The WCAB affirmed a single increase under section 5814 for the unreasonably delayed payment.

Rivera petitions for writ of review. He contends section 4650, subdivision (d), applies to any indemnity payment as expressly stated by the statute. He also contends commuted future periodic permanent disability indemnity remains permanent disability indemnity when reduced to a lump sum under section 5101, subdivision (b).[11] Rivera further argues commutation of indemnity is based on need under section 5100, and the purpose of section 4650 is

---

[8] See *Rivera v. Tower Staffing Solutions* (2002) 67 Cal.Comp.Cases 1473.

[9] In *Gangwish*, the Court of Appeal held that section 4650 applied to subsequent payments of permanent disability indemnity, but not to the initial payment, when there is no temporary disability indemnity. The WCAB quoted from *Gangwish, supra*, 89 Cal.App.4th at page 1293: " the purpose of enacting the changes to section 4650 was to promote prompt payment of benefits and certainty of timing." The WCAB also quoted from *Gangwish* at page 1294: "[F]ormer section 4651 provided that payments of [temporary disability] or [permanent disability] were to be made not less frequently than twice each month, except by order of the WCAB. This chronology of benefits was essentially recodified in section 4650, subdivision (c) . . . . [This] is further substantiation of the Legislature's purpose, since it provides for payment of continuing [temporary disability] or [permanent disability] at regular intervals."

[10] The WCAB also determined that section 4650 did not apply to death benefit indemnity payments reduced to a lump sum by a compromise and release settlement agreement in the companion case of *Crump v. Los Angeles Unified School District* (2002) 67 Cal.Comp.Cases 1473. While this issue is not before this court, a compromise and release settlement may include payment for future indemnity or other benefits such as medical costs.

[11] Section 5101, which only establishes how lump sums of commuted temporary and permanent disability indemnity are determined, states: "The amount of the lump sum shall be determined as follows:

to ensure prompt payment of indemnity. Finally, he asserts that the WCAB's decision is inconsistent with *Moulton v. Workers' Comp. Appeals Bd.* (2000) 84 Cal.App.4th 837 [101 Cal.Rptr.2d 175] (*Moulton*).

*Moulton* involved an award of accrued temporary disability indemnity, which was paid partially and late, and without payment under section 4650. The Court of Appeal determined that the amount of temporary disability indemnity awarded was due within 14 days under section 4650. (*Moulton, supra,* 84 Cal.App.4th at p. 845.) The Court of Appeal imposed only one penalty under section 5814 for the temporary disability indemnity paid. Otherwise, the employer who made a partial payment would be penalized more than the employer who made no payment. (*Moulton,* at pp. 843–844.) The Court of Appeal further concluded that the failure to pay under section 4650 was a separate and distinct unreasonable delay under section 5814 from the late and partial indemnity payment. (*Moulton,* at pp. 844–845.)

Tower responds that the plain language and numerous references to timing in section 4650 establish that the statute is limited to periodic indemnity payments. Thus, the WCAB's interpretation, which is entitled to great weight, should be affirmed since it is not clearly erroneous.[12] Tower also distinguishes *Moulton* as involving true accrued periodic indemnity payments, rather than future periodic indemnity payments that are commuted into a lump sum.

## DISCUSSION

### I. *Standard of Review*

 On appeal the reviewing court is bound by the factual findings and decision of the WCAB if they are supported by substantial evidence. (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26].) The court may not reweigh evidence or decide disputed facts. (*Ibid.*)

"(a) If the injury causes temporary disability, the appeals board shall estimate the probable duration thereof and the probable amount of the temporary disability payments therefor, in accordance with Chapter 2 of Part 2 of this division, and shall fix the lump sum at the amount so determined.

"(b) If the injury causes permanent disability or death, the appeals board shall fix the total amount of the permanent disability payment or death benefit payable therefor in accordance with Chapter 2 of Part 2 of this division, and shall estimate the present value thereof, assuming interest at the rate of 3 percent per annum and disregarding the probability of the beneficiary's death in all cases except where the percentage of permanent disability is such as to entitle the beneficiary to a life pension, and then taking into consideration the probability of the beneficiary's death only in estimating the present value of such life pension."

[12] See *Ralphs Grocery Co. v. Workers' Comp. Appeals Bd.* (1995) 38 Cal.App.4th 820, 828 [45 Cal.Rptr.2d 197] (*Ralphs Grocery*).

■ In contrast, interpretation of governing statutes is decided de novo by the appellate court, even though the WCAB's construction is entitled to great weight unless clearly erroneous. (*Boehm & Associates v. Workers' Comp. Appeals Bd.* (1999) 76 Cal.App.4th 513, 515–516 [90 Cal.Rptr.2d 486] (*Boehm*); *Ralphs Grocery, supra,* 38 Cal.App.4th at p. 828.) When interpreting a statute, the Legislature's intent should be determined and given effect. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224] (*Moyer*).) The best indicator of legislative intent is the plain meaning of the statutory language when clear and unambiguous. (*DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387–388 [20 Cal.Rptr.2d 523, 853 P.2d 978] (*DuBois*); *Moyer, supra,* 10 Cal.3d at p. 230; *Boehm, supra,* 76 Cal.App.4th at p. 516.) Effect also should be given to the statute's every word and clause, leaving no part or provision useless, deprived of meaning or contradictory. (*DuBois, supra,* 5 Cal.4th at p. 388; *Moyer, supra,* 10 Cal.3d at p. 230.) The statute also should be interpreted consistently with its intended purpose, and harmonized within the statutory framework as a whole. (*DuBois, supra,* 5 Cal.4th at p. 388.) Finally, workers' compensation is liberally construed with the purpose of extending benefits to industrially injured workers. (§ 3202; *Arriaga v. County of Alameda* (1995) 9 Cal.4th 1055, 1065 [40 Cal.Rptr.2d 116, 892 P.2d 150].)

In this case, there is little factual dispute and appellate review of statutory interpretation is de novo with appropriate deference given to the WCAB's construction and decision. (*Boehm, supra,* 76 Cal.App.4th at pp. 515–516; *Ralphs Grocery, supra,* 38 Cal.App.4th at p. 828.)

II. *The Meaning of Section 4650*

We must decide whether section 4650 is limited to periodic indemnity payments as determined by the WCAB, or whether the statute is also applicable to lump-sum accrued or commuted indemnity payments as asserted by Rivera. To determine the proper application of the statute, we must ascertain the Legislature's intent in enacting section 4650. Generally, the best indicator of legislative intent is the plain meaning of the statutory language. (*Dubois, supra,* 5 Cal.4th at pp. 387–388; *Moyer, supra,* 10 Cal.3d at p. 230.) Since this case involves permanent disability indemnity, we first examine the plain language of section 4650, subdivision (b), which specifically addresses permanent disability indemnity.

■ As emphasized by the WCAB and Tower, the plain language of section 4650, subdivision (b) provides a timetable for payment of permanent disability indemnity, which generally is every 14 days following the last indemnity payment. However, the provisions of subdivision (b) are not limited to the timing of indemnity payments. The subdivision's additional

words and clauses also must be examined so that no part of the subdivision (b) is meaningless or contradictory. (*DuBois, supra,* 5 Cal.4th at pp. 387–388; *Moyer, supra,* 10 Cal.3d at p. 230.)

■ Subdivision (b) of section 4650 further requires the continuation of timely payments of permanent disability indemnity which the employer reasonably estimates is due, even in situations where the extent of permanent disability cannot be determined within 14 days of the last payment of temporary disability indemnity. This language may be reasonably interpreted as including accrued or lump-sum permanent disability indemnity, which an employer reasonably estimates or learns is due much later than 14 days after the last payment of temporary disability indemnity. In this case, Tower stipulated more than seven months after the last payment of temporary disability indemnity was due that permanent disability indemnity was owed beginning May 1, 2000.[13]

To clarify whether the Legislature intended the language of section 4650, subdivision (b) to include accrued or lump-sum permanent disability indemnity, we must also examine whether harmony and consistency within the statutory framework is promoted by this interpretation. (*DuBois, supra,* 5 Cal.4th at p. 388, [20 Cal.Rptr.2d 523, 853 p.2d 978].) ■ Section 4650, subdivision (a) provides for payment of temporary disability indemnity that is due within 14 days after knowledge of injury and disability. In addition, subdivision (a) expressly provides that all indemnity then due must be paid. This includes accrued temporary disability indemnity, which generally is owed in a lump-sum.

*Moulton* exemplifies a case where all temporary disability indemnity that accrued was owed in a lump-sum. The Court of Appeal determined that payment of accrued temporary disability indemnity awarded was due within 14 days under section 4650. (*Moulton, supra,* 84 Cal.App.4th at p. 845.)

The WCAB en banc held that section 4650 does not apply to lump-sum periodic indemnity payments, without reconciling the decision with subdivision (a) and the conclusion in *Moulton.* ■ While subdivision (b) does not expressly state that all indemnity due must be paid, we conclude that the language requiring timely payment of permanent disability indemnity that an employer reasonably estimates is due, was intended by the Legislature to have similar meaning and application as in subdivision (a). This interpretation promotes consistent application of section 4650. (*DuBois, supra,* 5 Cal.4th at p. 388.) Therefore, subdivision (b) is not limited to periodic permanent disability indemnity payments and includes lump-sum payments of accrued permanent disability indemnity.

---

[13] Tower's letters that accompanied payment did not specify when the permanent disability indemnity owed for the period May 1, 2000, to February 8, 2001, was paid.

In addition, the provisions of subdivision (d) apply to untimely payments of accrued temporary and permanent disability indemnity. As Rivera points out, subdivision (d) expressly provides that it applies to any indemnity payment not made timely as required by section 4650. As set forth above, subdivision (a) includes accrued temporary disability indemnity, and subdivision (b) includes accrued permanent disability indemnity. On remand, if it is determined permanent disability indemnity did accrue and Tower was late in making payment, the payment would be subject to section 4650.

A. *Applying Section 4650 to Accrued Disability Indemnity is Consistent With The Statute's Purpose*

Applying section 4650 to accrued temporary and permanent disability indemnity is consistent with the statute's purpose. The WCAB en banc interpreted section 4650 as limited to periodic indemnity payments. However, the purpose of section 4650 is broader. ■ Section 4650 not only provides for scheduled indemnity payments, it is also a procedure for ensuring financial support to injured workers during the recovery period following an industrial injury. (*Gangwish, supra,* 89 Cal.App.4th at pp. 1293–1295.)

■ Temporary disability indemnity is intended to replace lost wages, and permanent disability indemnity provides compensation for loss of earning capacity or physical impairment. (*Western Growers, supra,* 16 Cal.App.4th at p. 235; *Chavira v. Workers' Comp. Appeals Bd.* (1991) 235 Cal.App.3d 463, 473 [286 Cal.Rptr. 600].) Under section 4650, subdivision (a), the Legislature provided for indemnity or financial support while dependent injured workers are temporarily unable to work and without wages. The Legislature also provided for financial support to continue during the period of adjustment for loss of earning capacity or physical impairment. This financial support is in the form of permanent disability indemnity, which, under subdivision (b), follows payment of temporary disability indemnity.

■ Accrued disability indemnity is periodic disability indemnity that is owed but was not paid. Accrued disability indemnity is also the financial support in lieu of lost wages, earning capacity or physical impairment during the recovery period. Therefore, accrued disability indemnity is included in section 4650. Moreover, the needs addressed by section 4650 are even greater where periodic disability indemnity has accrued during the recovery period and has not been paid.

B. *Section 4650 Does Not Include Commuted Future Indemnity Payments*

The WCAB en banc decided, in part, that section 4650 does not apply to lump sums that are commuted future periodic indemnity payments. Tower

distinguishes accrued periodic indemnity payments from future periodic indemnity payments accelerated by commutation into a lump sum. Rivera argues subdivision (d) applies to any indemnity payment. Rivera also argues periodic indemnity payments that are commuted to a lump sum are based on need as set forth in section 5100, and are intended by the Legislature to be paid promptly under section 4650.

We agree with the WCAB and Tower that section 4650 does not apply to lump sums that are commuted future periodic indemnity payments. The needs addressed by the Legislature in sections 4650 and 5100 are different. As stated previously, section 4650 is intended to provide a continuous flow of temporary and permanent disability indemnity during the recovery period. In contrast, lump-sum commuted future indemnity payments under section 5100 involve the ability to live without the continuous flow of periodic indemnity payments.[14] Finally, subdivision (d) is limited to indemnity payments that are required by section 4650, which are periodic and accrued indemnity payments.

## DISPOSITION

Section 4650 applies to accrued as well as periodic indemnity payments. Section 4650, however, does not apply to future indemnity payments that are commuted into a lump sum.

The decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion.

Cooper, P. J., and Rubin, J., concurred.

---

[14] See footnote 7, *ante.*